# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA HERNANDEZ,<br><br>           Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>           Defendant.<br>_____ | 1:09-cv-1805 SKO<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT**<br><br>(Doc. 2) |

## BACKGROUND

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 405(g), 1383(c)(3). The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 8, 10.) On April 8, 2010, the action was reassigned to the Honorable Sheila K. Oberto for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* L.R. 301, 305.

## FACTUAL BACKGROUND

Plaintiff was born in 1975, has an eleventh-grade education, and previously worked as a janitor at a convalescent home, an inspector at a packing house, a cook at a fast-food restaurant, and a care provider. (Administrative Record ("AR") 97, 499, 503-08.)

On September 11, 2004, Ekram Michiel, M.D., performed a consultative psychiatric evaluation of Plaintiff. (AR 190-92.) Dr. Michiel opined that Plaintiff was (1) able to maintain attention and concentration and to carry out one or two-step simple job instructions, (2) able to relate and to interact with coworkers, supervisors, and the general public, and (3) unable to carry out an extensive variety of technical and/or complex instructions. (AR 192.)

On May 3, 2005, Plaintiff filed applications for DIB and SSI, alleging disability beginning on February 13, 2003, due to numbness in the legs and hands, diabetes, depression, thyroid problems, and forgetfulness. (AR 21, 92-93, 96.) The Commissioner denied Plaintiff's applications initially and again on reconsideration; consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 36-65.)

On May 4, 2007, ALJ Christopher Larsen held a hearing in which Plaintiff and a vocational expert ("VE") testified. (AR 493-536.) In his decision, the ALJ noted Plaintiff's testimony as follows:

> [Plaintiff] said she gets rides since she has no driver's license, and last took the bus three years ago. She said she has a hard time leaving her home. [Plaintiff] testified she has no feeling in her hands, and drops things and burns herself. She stated she has diabetes, headaches, and depression. She said she tries to follow the diet but cannot eat all the time. She stated she has low energy, and sleeps all day five times a week. [Plaintiff] testified she can lift less than five pounds and has trouble pinching things. She said she can hold a pencil and write for five minutes. She said she has numbness from her toes to the outside of her thigh, which the doctor said was nerve [damage] from falling. She said she had to be retrained to walk. [Plaintiff] testified she takes all of her medication on time. She said she gets migraine headaches two to three times a week and they last all day. She said she sleeps four to five hours during the day when she has a headache, and she takes over-the-counter medications. [Plaintiff] said she cries for no reason and sleeps to feel better. She stated she can concentrate for an hour with a three-hour break, and sometimes forgets her own address. She testified she has suicidal thoughts twice a month, but is not taking medication for her mental problems now and has not seen a psychiatrist for six or seven months.

(AR 29.)

The VE testified that Plaintiff's past work as a care provider and a fast-food cook is medium and semi-skilled, her past janitorial work is medium and unskilled, and her past work as a cashier is light and unskilled.[2] (AR 531.) A hypothetical person of Plaintiff's age, education, and work experience could perform Plaintiff's past work as a cashier, packager, and care provider as she performed it if that person could (1) lift and carry 50 pounds occasionally and 25 pounds frequently; (2) stand and walk for six hours and sit for six hours; (3) occasionally climb, stoop, and crouch; (4) frequently balance, kneel, and crawl; and (5) understand, remember, and carry out simple, one or two-step job instructions. (AR 532.) Such a person could not perform any work if that person needed additional rest periods and missed one to two days of work per month because of severe depression. (AR 533.) The VE's testimony was consistent with the Dictionary of Occupational Titles (the "DOT").[3] (AR 534.)

On August 22, 2007, the ALJ issued a decision finding Plaintiff not disabled since February 18, 2003. (AR 18-31.) Specifically, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset date of disability of February 18, 2003; (2) has an impairment or a combination of impairments that is considered "severe" based on the requirements in the Code of Federal Regulations; (3) does not have an impairment or combination of impairments that meets or equals one of the impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1; and (4) could perform her past relevant work as a care provider, cashier, and janitor. (AR 23-30.) The ALJ found that Plaintiff had the residual functional capacity ("RFC") to (1) lift and carry 50

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, [the Commissioner determines] that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c), 416.967(c). "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." *Id.* §§ 404.1567(b), 416.967(b).

[3] The Social Security Administration has taken administrative notice of the DOT, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs. *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see also* 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1).

1  pounds occasionally and 25 pounds frequently; (2) balance, kneel, and crawl frequently; (3) climb, stoop, and crouch occasionally; and because of her depressive and anxious symptoms, (4) to "understand, remember, and carry out simple one- or two-step job instructions." (AR 24, 28.)

Plaintiff sought review of this decision before the Appeals Council. On August 13, 2009, the Appeals Council denied review. (AR 5-7.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481.

On October 13, 2009, Plaintiff filed a complaint before this Court seeking review of the ALJ's decision. Plaintiff contends that the ALJ erred in determining that Plaintiff could return to her past relevant work.

## **SCOPE OF REVIEW**

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

**APPLICABLE LAW**

An individual is considered disabled for purposes of disability benefits if he is unable to engage in any substantial, gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Barnhart v. Thomas*, 540 U.S. 20, 23 (2003). The impairment or impairments must result from anatomical, physiological, or psychological abnormalities that are demonstrable by medically accepted clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial, gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)-(3), 1382c(a)(3)(B), (D).

The regulations provide that the ALJ must undertake a specific five-step sequential analysis in the process of evaluating a disability. In the First Step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, in the Second Step, the ALJ must determine whether the claimant has a severe impairment or a combination of impairments significantly limiting her from performing basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If so, in the Third Step, the ALJ must determine whether the claimant has a severe impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. 404, Subpart P, App. 1. *Id.* §§ 404.1520(d), 416.920(d). If not, in the Fourth Step, the ALJ must determine whether the claimant has sufficient RFC[4] despite the impairment or various limitations to perform her past work. *Id.* §§ 404.1520(f), 416.920(f). If not, in Step Five, the burden shifts to the Commissioner to show that

---

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. Social Security Ruling 96-8p. The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

the claimant can perform other work that exists in significant numbers in the national economy. *Id.* §§ 404.1520(g), 416.920(g). If a claimant is found to be disabled or not disabled at any step in the sequence, there is no need to consider subsequent steps. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

**A.     The ALJ's Consideration of Plaintiff's Past Work as a Janitor**

Plaintiff maintains that the ALJ erred in finding that Plaintiff could return to her past work as a janitor and care provider because the ALJ found that she was limited to carrying out simple, one and two-step job instructions. According to Plaintiff, such a limitation precludes the performance of employment that, according to the DOT, requires a level of reasoning greater than level one. Plaintiff contends that the medium, semi-skilled job of janitor as delineated in the DOT requires level three reasoning. Defendant asserts, however, that the janitorial work that Plaintiff actually performed at a convalescent home most closely matches the medium, unskilled job of hospital cleaner, which requires level two reasoning and does not conflict with the ALJ's finding that Plaintiff was limited to positions requiring her to follow simple, one and two-step instructions.

**1.     Legal Standard**

In the DOT, level three reasoning skills are defined as the skills to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." Level two reasoning skills are defined as the skills to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." Level one reasoning skills are defined as the skills to "[a]pply commonsense understanding to carry out simple one or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job."

Courts within the Ninth Circuit have consistently held that a limitation regarding simple or routine instructions encompasses a reasoning level of one and two. *See, e.g.*, *Xiong v. Comm'r of Soc. Sec.*, No. 1:09-cv-00398-SMS, 2010 WL 2902508, at *6 (E.D. Cal. July 22, 2010) (collecting cases). For example, in *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 982 (C.D. Cal. 2005), the claimant was limited to "simple tasks performed at a routine or repetitive pace." The court explained that, while the Social Security regulations provided only two categories of abilities with regard to understanding and remembering instructions – "short and simple" and "detailed" or "complex" – the DOT has six gradations for measuring that ability. *Id.* at 984. The *Meissl* court noted:

> To equate the Social Security regulations['] use of the term "simple" with its use in the DOT would necessarily mean that all jobs with a reasoning level of two or higher are encapsulated within the regulations' use of the word "detail." Such a "blunderbuss" approach is not in keeping with the finely calibrated nature in which the DOT measures a job's simplicity.

*Id.* The court determined that the DOT's use of the term "uninvolved" in defining level two reasoning qualified the term "detailed," which refuted any attempt to equate the regulations' use of the term "detailed" with its use in the DOT. *Id.* Rather, the court found that a claimant's RFC must be compared with the DOT's reasoning scale. Level one reasoning requires slightly less than simple tasks that are in some way repetitive. An example of a level one reasoning job would include the job of counting cows as they come off a truck. The court in *Meissl*, therefore, determined that a limitation to simple, repetitive tasks was consistent with positions in the DOT requiring level two reasoning. *Id.* at 984-85.

**2.  Analysis**

In this case, a conflict exists between the VE's testimony that Plaintiff's past work as a janitor was medium and unskilled and the DOT's description of janitorial work as medium and semi-skilled, which requires level three reasoning. When there is a conflict between the testimony of the VE and the DOT, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE's testimony to support a decision about whether the claimant is disabled. Social Security Ruling

7

00-4p; *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793-94 (9th Cir. 1997) (remanding where neither ALJ nor VE explained discrepancies between RFC findings and DOT).

Defendant maintains that the janitorial work that Plaintiff actually performed at a convalescent home most closely matches the medium, unskilled job of hospital cleaner, which requires level two reasoning and does not conflict with the ALJ's finding that Plaintiff was limited to positions requiring her to follow simple, one and two-step instructions. The ALJ never made such a finding, however, and the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). Accordingly, remand is required for the ALJ to sufficiently explain any deviation from the DOT when finding that Plaintiff can perform her past relevant work as a janitor.

**B.     Remand Is Required**

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In Social Security cases, the decision to remand to the Commissioner for further proceedings or simply to award benefits is within the discretion of the court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Id.* (alteration in original) (internal quotation marks omitted); *see also Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988) ("Generally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed." (citation omitted)).

The Court has determined that the ALJ erred in finding that Plaintiff could perform her past relevant work as a janitor. The Court finds that this error can be corrected with further proceedings and remands this action for further analysis. On remand, the ALJ shall specifically inquire as to

whether the VE's testimony deviates from the DOT and if so, whether there is any reasonable explanation for such deviation.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, REVERSED and the case REMANDED to the ALJ for further proceedings consistent with this order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Christina Hernandez and against Defendant Michael J. Astrue, Commissioner of Social Security.

IT IS SO ORDERED.

**Dated:   December 8, 2010**                    /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE